By the Court,

Nelson, C. J.
The question presented is, whether the treasurer of a county is responsible for the public moneys received at his office in the execution of his duties, that have been stolen therefrom, without any negligence or default on his part; or in more general terms, whether an officer concerned in the receipt and disbursement of the public funds, is an insurer of the same ex virtute officii, whilst they necessarily remain in his custody.
The principle was decided in favor of the defendant, in Lane v. Cotton & Frankland, 1 Ld. Raym. 646, and subsequently confirmed in Whitfield v. Le Despencer, Cowp. 754, and is in conformity with the general rule of daily application, that in order to subject the officer it is necessary to prove mis-eonduct or neglect in the execution of his duties. Comyn's *Dig., tit. action upon the case for negligence, A. 2; 19 Johns. [ *442 ] R. 381; 15 Id. 250. Both the cases referred to were actions against the post master general, for the loss of packages containing exchequer bills and money, that had been stolen out of his office ; they were several times argued, and underwent great consideration by the court. One of the principal questions involved has no connection with the case here, namely, whether the defendants were responsible for the misconduct of *338 their subordinates ; but the sco.pe and effect of the opinions and decision go to deny any personal liability of the officer, except for misfeasance or neglect. Holt, Ch. J., dissented in the first case, and argued from the nature of the trust, that the officer was bound to keep all letters safe, at his peril; that the case did not differ from that of the marshal of the king’s bench, or warden of the fleet, who were obliged to keep the prisoners safe, and where it was no plea that the king’s enemies broke the prison against their will; and that the same was the law also where goods were levied upon by the sheriff, and rescued from him. He also likened the case to that of a common carrier, or the master of a ship taking goods on board for freight • and that for this reason he should be liable, without assigning any particular neglect; that he received a premium, by way of salary, which was a sufficient reward for the extreme liability. All these views were rejected as inapplicable by the other judges ; and also by the court, in Whitfield v. Le Despencer, and the liability brought down to the ordinary case of misfeasance or neglect by the defendants themselves in the duties of their office. The same principle has been held in several cases in the courts of this country, and approved by our most distinguished elementary authors. 7 Cranch, 242 ; 1 Mason’s R. 96, 101; 2 Kent’s Com. 610 ; Story on Bailment, 302, 390.
The condition of the bond recognizes this common law rule. It is, that the treasurer “ shall faithfully execute the duties of the said office”—“ and shall pay according to law all moneys,” &c. The first clause is general, and prescribes the fidelity with which the officer is to perform all [ *443 ] the several *duties belonging to the office ; the residue is but an enumeration of some of the most important.
Judgment for defendants.