MERRITT, ex'r, &c. *vs.* SEAMAN and others.

When a contract is made with an executor or administrator, personally, after the death of the testator or intestate, or where money is received by the person sued, after such death, the executor or administrator may sue either in his own name or as executor or administrator.

In a suit by an executor, upon a cause of action which arose after the death of the testator, the defendant can not set off a demand against the testator, even though it existed at the time of his death.

This rule applies to a note given to the executor, to settle a balance due on a note belonging to the estate, where the executor declared on promises to himself only, and gave notice that the note was the only cause of action.

Where, in such case, the defendant sought, on the trial before a referee, to set off an account against the testator, and it was objected to by the plaintiff, "that such proof was incompetent under the circumstances of the case," and the objection was overruled, and the set-off allowed, it was *held* that the grounds of objection not having been especially stated, a new trial could not be granted.

It is a rule applicable as well to cases as bills of exceptions, that a party shall not be permitted, on a motion for a new trial, to avail himself of an objection made on the trial, unless the ground of objection was so particularly stated as to enable the opposite party to supply, if possible, the alledged defect, or to take such steps as would secure himself against loss.

The fact that the defendants had previously rendered accounts that had been paid by the testator, raises no presumption against the allowance of the accounts attempted to be set off, consisting of previous charges, where it appears that the former were for disbursements only, and the latter for services.

Nor does the note in suit raise any presumption against the account sought to be set off, if it appears that the parties agreed, when the note was given, that it should not prejudice the plaintiff's claims.

MOTION to set aside the report of a referee. This was an action of assumpsit. The declaration contained the common money counts, alledging promises to the plaintiff. There was no count on promises to the testator. Annexed to the declaration, was a copy of a promissory note, and a notice that it constituted the only cause of action. The following is a copy of the note.

"$878,11.                 New-York, Sept. 14, 1844.

One day after date, we promise to pay to the order of C. H. Merritt, Esq. ex'r of est. of John Sampson, eight hundred seventy eight dollars eleven cents, value received, with int. from date.                 SEAMAN & BROTHERS."

The defendants pleaded the general issue and gave notice of set-off. The cause was referred to H. P. HUNT, Esq. sole referee. On the hearing before the referee, it was admitted that the defendants had been in partnership under the name of "Seaman & Brothers," and that the note in suit was given for the balance of a loan made by the testator in his lifetime, to the said firm, and not to close other transactions between the parties. The defendants, by way of set-off, claimed to recover commissions for services as agents of John Sampson, in collecting and paying over rents, and superintending repairs of certain houses, belonging to said Sampson, in the city of New-York. The account accrued between 1836 and 1842, and, including interest, amounted to $2961,88. John Sampson resided at Troy, and the defendants in the city of New-York. In support of this account, the defendants proved that they had acted as agents for John Sampson, in collecting and paying over his rents for the time aforesaid, and that five per cent was the customary commissions allowed for such services. This evidence was take "subject to plaintiffs' objection, that such proof was incompetent under the circumstances of the case." The plaintiff offered in evidence eleven bills, rendered against said John Sampson, receipted by the defendants. The date of the first bill was in 1837, and of the last in 1845. These bills contained no charge, except for disbursements made from time to time by the defendants, for the plaintiff. The plaintiff

---

Merritt *v.* Seaman.

---

also objected that any evidence tending to charge the plaintiff with commissions after the accounts were proved to have been rendered, was inadmissible, but the objection was overruled. In support of the charge for commissions, the defendants introduced in evidence several letters, written by John Sampson to John F. Seaman, one of the defendants. These letters were objected to by the plaintiff, for the reason stated, and also because they were addressed to one of the defendants individually, and not to the firm. The plaintiff's counsel offered to prove, by a merchant residing at Troy, that it was the custom of merchants and agents doing business for a commission, to charge over and deduct their commissions from the moneys received, annually or periodically, when they rendered their accounts. This proof was objected to by the defendants' counsel, and was excluded. The defendants also introduced evidence for the purpose of proving an account for moneys advanced by request of the testator to his nephew, John Sampson, jr. who had been a clerk in the defendants' employment. This account was made out at $429,37. John Sampson, jr. died in June, 1845, and it was admitted that after the plaintiff refused to pay this account, it had been presented to the administrator of John Sampson, jr. for payment. It was also proved that when the note in suit was given, the defendants claimed to have an account against the estate of the testator, and that the plaintiff told them to make out their account, and agreed that the giving of the note should not prejudice the defendants' claim. The testator died in the spring of 1844.

The referee reported due from the plaintiff to the defendants, $1462,61, and the plaintiff now moved to set aside the report.

*Job Pierson*, for the plaintiff.

*D. Buel, Jr.* for the defendants.

*By the Court*, PARKER, J. The plaintiff had a right to sue on the note in question in his own name, or as executor of John Sampson deceased. (*Mercein* v. *Smith*, 2 *Hill*, 210. *Colby* v.

*Colby*, 2 *New Hamp. Rep.* 420.   *Biddle* v. *Wilkins*, 1 *Peters*, 686.   *Mowry* v. *Adams*, 14 *Mass. Rep.* 327.) In the latter case Chief Justice Parker says, " It is now settled that when a contract is made with an executor or administrator personally, after the death of the testator or intestate, or where money is received by the person sued, after the death ; in such cases the executor or administrator may sue either in his own name or as executor or administrator." He brought the suit as executor ; and it is provided by statute, (2 *R. S.* 2*d ed.* 278, § 38,) that whenever a set-off is established in a suit brought by executors or administrators, the judgment shall be against them in their representative character, and shall be evidence of a debt established to be paid in the course of administration.   This provision extends to all suits brought by executors in which a set-off is established, including suits that might also have been instituted in the name of the executor personally.   But it is contended that the set-off was improperly allowed by the referee.   The rule is undoubtedly well established, that in a suit by an executor or administrator, upon a cause of action which arose after the death of the testator or intestate, the defendant can not set off a demand against the testator or intestate, even though it existed at the time of his death.   (*Dole* v. *Cook*, 4 *John. Ch.* 13.   *Root* v. *Taylor*, 20 *John.* 13.   *Fry* v. *Evans*, 8 *Wend.* 530.   *Mercein* v. *Smith*, 8 *Id.* 210.)   The reason given is, that as the law existed previous to the revised statutes, a defendant, by such a set-off might compel the payment of a simple contract debt in preference to a judgment or bond debt.   And since the revised statutes, such a set-off might, if the estate should prove insolvent, prevent a *pro rata* distribution.   Such would be its effect where a suit is brought by an executor, as such, to recover money received by a defendant since the death of his testator and belonging to his estate.   If in such case the defendant is at liberty to set off a debt due him from the testator at the time of his death, he might succeed in obtaining payment of all his demand when there were not sufficient assets to pay all the creditors.   The consequence would be the same if a defendant were allowed to set off his claim against the estate, in a suit brought

against him to recover money belonging to the estate, loaned to him by the executor.

The statute, in its terms, (2 *R. S.* 2*d ed.* 279, § 37,) seems to be broad enough to admit a set-off in all suits brought by executors and administrators: but the construction that has been given to it by the courts is now too well settled to be questioned, and is clearly necessary, as well since as before the revised statutes, to give effect to the policy of the law in regard to the distribution of estates.

The objections above stated might not however apply to the note in question; for although it was made after the death of the testator, it was given only for a balance due the estate. The transaction was no more in fact than a liquidation of a demand due the estate, and a promise to pay the balance. If this suit had been brought on the original demand for which this note was given, the right of set-off could not be questioned. But this view of the case does not relieve the defendants from difficulty. They consented to give the note in question in such a form as would have entitled the plaintiff to sue on it in his own name; and it will not be pretended that if he had done so, the defendants could have made the set-off. The plaintiff did not do so, but he chose to sue on it as executor, and to put in issue only promises made to himself as executor, and by his notice subjoined to his declaration to make the note in question his only cause of action. I think, therefore, the plaintiff had a right to object on the hearing to the allowance of the set-off, on the ground that the cause of action, in the form given to it by the consent of parties, arose after the death of the testator.

The next question to be considered is, whether the objection to the admission of the set-off was properly made. The objection to the admissibility of evidence in support of the set-off was " *that such proof was incompetent under the circumstances of the case.*" It could not have been made in more general language; and it is now urged that the ground of the objection should have been specifically stated, to entitle the plaintiff to avail himself of it on this application.

Merritt *v.* Seaman.

It is a salutary rule, and applicable as well to cases as bills of exception, that a party shall not be permitted, on a motion for a new trial, to avail himself of an objection made on the trial, unless the ground of objection was so particularly stated as to enable the opposite party to supply, if possible, the alledged defect. (*Van Gordon* v. *Jackson*, 5 *John.* 467. *Frier* v. *Jackson*, 8 *Id.* 507. *Jackson* v. *Caldwell*, 1 *Cowen*, 622. *Hunter* v. *Trustees of Sandy Hill*, 6 *Hill*, 407. *Willard* v. *Warren*, 17 *Wend.* 257. *Thurman* v. *Cameron*, 24 *Id.* 87. *Ryerss* v. *Wheeler*, 25 *Id.* 437. *People* v. *Bodine*, 1 *Denio*, 281. *Williams* v. *Larkin*, 3 *Id.* 114. *Gillett* v. *Campbell*, 1 *Id.* 520. *Underhill* v. *Pomeroy*, 2 *Hill*, 603.) It is due to the party offering the evidence that he should understand distinctly the ground of objection. He may choose to acquiesce in its correctness and withhold the evidence. He may introduce other equivalent evidence, not liable to the objection. If it be on the ground of a defective pleading, he may perhaps obtain leave to amend. If the objection go to the entire exclusion of a demand offered by way of set-off, he may withdraw it and bring a cross action. It is equally due to the tribunal before which the trial is had, that the ground of objection should, in all cases, be frankly and specifically stated. The court and party have a right to suppose that a ground of objection, not thus pointed out, is waived. There has been no disposition evinced by the courts to relax this rule, and I think justice and public policy require that it should be rigidly adhered to. The case of *Underhill* v. *Pomeroy*, above cited, was an action brought to recover for services performed under an agreement that they should be paid for *in goods ;* and the declaration contained only the common money counts. On the hearing before the referees, the defendant objected, "*that the proof did not sustain the declaration, and that upon the testimony the plaintiff was not entitled to recover.*" It was held this objection was too general to raise the question whether the plaintiff could recover without declaring specially. This case was affirmed on error in the late court for the correction of errors, and so far as I can gather from

Merritt *v.* Seaman.

the briefly reported opinions of senators, I think the decision is placed on the same ground as in the supreme court.

There, as in this case, it might not have been in the power of the party to obviate the objection on the trial, if it had been specifically made. But a knowledge of the true ground of objection, if it was deemed to be well taken, might have enabled him to take such steps as would have secured himself against loss. In the case we are considering, the demands sought to be set off, if rejected, are now barred by the statute of limitations. If the true ground of objection had been frankly stated, at the trial, the defendants might have withdrawn their set-off, and have saved their demands by bringing a cross action. I think, on the whole, it is fair to say that the objection was too general, and that the plaintiff can not now, for the first time, avail himself of a ground for excluding the defence, not pointed out on the trial.

At another stage of the trial, the plaintiff objected to the evidence tending to charge the plaintiff with commissions, on the ground that accounts had previously been rendered by the defendants which had been settled and paid by the testator. This objection was not well taken. Such previous accounts were for disbursements only, and their payment furnished no presumption that the services performed were not also to be paid for. (*Pringle* v. *Clenahan*, 1 *Dallas*, 486.)

The objection to the introduction of the testator's letters to John F. Seaman was equally untenable. The written declarations of the testator, no matter to whom made, were clearly admissible so far as they referred to the matters in controversy; and it was a question of fact for the referee to settle, on all the evidence, whether the services sought to be set off were rendered by John F. Seaman alone, or by all the defendants. Nor does the giving of the note raise any presumption against the defendants' set-off; it being proved that the parties agreed, when the note was given, that it should not prejudice the defendants' claim.

It is unnecessary to examine fully the other less important exceptions taken by the plaintiff on the trial, or the questions

of fact decided by the referee. The points now made by the plaintiff can not be sustained, and the motion to set aside the report of the referee must therefore be denied.

HARRIS, J. concurred.

WRIGHT, P. J. dissented.                 Motion denied.

SAME TERM.   *Before the same Justices.*