ROBERT CALIFF, Appellant, vs. JOSEPH M. HILLHOUSE, Respondent.

The referee in his report must state the facts found and the conclusions of law separately. Where he fails to comply with the statute in the form of his report, the proper practice is to apply for an order sending the report back to him for correction.

The owner of property who silently permits another to dispose of it as if it were his own, when such silence is designed to, and does induce the purchaser to think that he is dealing with the true owner, is estopped from asserting title to the property. But to create an *estoppel in pais* the party to be estopped must have clearly done or omitted to do some act, or made, or omitted to make some declaration which has influenced the conduct of the party claiming the estoppel, and the act, declaration or omission must have been made to deceive or mislead the party who acted upon it.

The party objecting to the admission of testimony, must point out the particular ground of his objection, in order to avail himself of it in the Court of review.

There were two causes entitled as above, which were actions of replevin in the District Court of Dakota County, the property in controversy in each being a quantity of cord wood. The issues joined in the two actions were referred to a referee, who reported a general finding for the Defendant, and an assessment of the value of the property in controversy in each case. Judgments were entered upon the reports, and the Plaintiff appeals therefrom. The record in each case contains a Bill of Exceptions, as settled by the referee, upon which motions were made to set aside the reports, and for new trials, which motions were denied by the Court below. The questions of law are identical in both cases, and the opinion of the Court makes reference to the evidence bearing upon the points decided.

The following are the points and authorities relied upon by the Counsel for the Appellant:

*First.*—At the time of the taking by the Defendant, alleged in the complaint, the Plaintiff was not only the owner, but in the actual possession of the wood. He held a written transfer from Henry Califf, owned the land upon which the wood was piled, had taken formal possession of the wood and advertised it for sale, and had notified the Defendant of his possession.

*Second.*—The Defendant by his acts at the time of the

assignment of the contract, &c., is estopped from denying the title of Henry Califf *at that time*, to the prejudice of the Plaintiff. *1st Greenleaf's Evidence, Sec.* 207 ; *1st Cowan & Hill's Notes, 3d Ed., p.* 366 *to* 370 *inclusive ; Emmons vs. Dowe,* 2 *Wis. Rep.* 335 ; *Thompson vs. Blanchard,* 4 *Cow. Rep.* 309 *and cases there cited ; Demeyer vs. Sousa,* 6 *Wend.* 436 ; *Dezell vs. Odell,* 3 *Hill* 215. *Gregg vs. Wells,* 10 *Adolph & Ellis* 90, (37 *English Common Law Reports* 54 *same case.*)

*Third.*—The referee erred in overruling the objection made by the Plaintiff's Counsel to the question put by the Defendant's Counsel to Defendant—"Did you have a settlement with H. Califf prior to the transfer for the wood cut under the contract ?" *Vide authorities cited to second point.*

*Fourth.*—The referee erred in admitting the testimony of the Defendant relative to his warehouse book and the contents thereof. *Rev. Stat. of Minn., p.* 481 *and* 482 ; *Comp. Stat. of Minn., p.* 685 ; *1st Cowan & Hill's Notes, 3d Ed., p.* 307, 309 *et seq.; Prince vs. Smith,* 4 *Mass. R. p.* 455.

*Fifth*—The referee erred in sustaining the objection made by the Defendant's Counsel to the question propounded by Plaintiff's Counsel to the Defendant upon his cross-examination—"What were the items of that bill ?" *Vide folio* 114.

*Sixth.*—The finding of the referee, as contained in his report, is not supported by the evidence.

*Seventh.*—The report of the referee is insufficient both in form and substance.

1. He has not found upon all, or any, of the issues in the action.

2. He has not found the facts in the case, nor upon the facts.

3. The facts found and his conclusions of law are not separately stated in his report. 4 *Abbott's Pr. Rep., p.* 13, *Bonyer vs. Baker ;* 13 *How. Pr. Rep., p.* 411, *Hulse vs. Sherman ;* 11 *How. Pr. Rep., p.* 412 ; *Ullman vs. Bazille, lately decided in this Court.*

The following are the points and authorities relied upon by the Counsel for the Respondent :

*First.*—The assignment introduced by Plaintiff does not convey to him the wood claimed in this action, but only that which at the date of the assignment was meant.

*Second.*—The contract and assignment prove that the wood in question was the property of Defendant, subject only to a lien to Henry Caleff to the purchase price, provided that price had not been paid; and that lien, if there were any, and any material claim or cause of action, is not assigned, but only the contract, and such right as should subsequently accrue under it.

*Third.*—Plaintiff cannot claim an estoppel to defeat the title set up in the answer, without pleading the estoppel in his reply.

*Fourth.*—1. To constitute an estoppel *in pais*, there must be not only acts or declarations indicating the existence of certain facts, but the party claiming the estoppel must have been thereby induced to believe in the existence of such facts, and have acted on such belief; and they must have been intended to mislead. *See 1 Cowen and Hill's notes, (1st Ed.)* 200; *Welland Canal Co. vs. Hathaway,* 8 *Wen.* 482; *Dezell vs. Odell,* 3 *Hill,* 215–221, *opinion of Bronson, J., and cases cited; Reynolds vs. Lounsbury,* 4 *Hill,* 536.

2. As there was evidence of Plaintiff's knowing the real truth of the matter, and of the fact that the Defendant did not understand that the assignment assumed to transfer the cut wood, he was justified in deciding that Plaintiff was not induced to take the assignment by Defendant's silence, and that such silence was not intended by Defendant to mislead Plaintiff.

3. And there being such evidence, the referee rightly admitted proof of a settlement between Defendant and Henry Caleff.

4. And besides, it nowhere appears from the case that the question of estoppel was raised and decided at the trial.

*Fifth.*—The objection of Plaintiff to evidence offered by Defendant cannot be considered, because he did not on the trial point out the particular ground of objection. *See Jackson vs. Hobby,* 20 *John.* 357; *Norman vs. Wells,* 17 *Wen.* 142; *Mann*

*vs. Eckford, &c.,* 15 *Wen.* 510; *Merritt vs. Seaman,* 6 *Barb.* 330, *and cases there cited; Revised Statutes, page* 358, *Sec.* 56.

*Sixth.*—The testimony as to the warehouse books would not prejudice Plaintiff, because the only thing they could tend to prove, to wit, the settlement between Defendant and Henry Caleff, was so conclusively proved by other evidence that the books could not change the result.

Error which does not prejudice is not ground for a new trial. See *Crary vs. Sprague,* 12 *Wen.* 41; *Benjamin vs. Smith,* 12 *Wen.* 404; *Vallance vs. King,* 3 *Barb.* 548; *Hunt vs. Fish,* 4 *Barb.* 324; *Depuyster vs. Col. Ins. Co.* 2 *Caine's R.* 89.

*Seventh.*—To admit or reject the question, " What were the items of that bill ? " was in the discretion of the referee, for the Plaintiff had a previous opportunity to cross-examine, and did cross-examine, as to the same matter. Besides, the tendency of the question was to impeach the receipt of the Plaintiff's own evidence.

*Eighth.*—1. The referee's report finds upon all the facts put in issue by the pleadings, so far as is necessary to determine the controversy between the parties.

2. But if the report be defective in this respect, the proper remedy is by motion to send the report back for correction.

3. The motion made was to vacate the report and for a new trial, which was properly denied.

H. R. BIGELOW, Counsel for Appellant.

J. &. C. D. GILFILLAN, Counsel for Respondent.

*By the Court*—FLANDRAU, J.   It is quite clear that the report of the Referee in this case, is very defective, in not finding the facts established by the evidence, and the conclusions of law consequent upon the facts found, separately.   The object of a division of the facts from the legal conclusions, is, that the Court may determine whether the former justify the latter.   The report in this case amounts to, simply, a general finding for the Defendant, and an assessment of the value of the property in controversy.   Such a finding by a jury would give all the controverted facts upon which evidence had been

admitted, to the Defendant, and preclude any further consideration of them by a Court of review. It is not permitted to a Referee, or a Court, to make any such general decision, but they are obliged by the statute to place their findings of facts in the form of a special verdict, that the Court may control the judgment to be entered upon them. When a Referee fails to comply with the requirements of the statute in the form of his report, the practice is, to apply to the District Court for an order sending the report back to him for correction. Our views on this point were expressed in the case of *Ullman vs. Bazille*, 2 *Min. R.*, *p.* 134. This practice has not been followed by the Appellant, but his motion below was for " an order vacating the report of the Referee, and granting a new trial; " perhaps under this application, the District Judge could have sent the report to the Referee for correction, in order to enlighten himself as to the facts actually found by him, yet he was not obliged to do so, and could treat the report as he evidently did, in the nature of a general finding, assented to in form by the Appellant, and involving all the facts against him. There was no error in this respect, in the decision of the Court below, and the report necessarily comes to us, under the same aspect that it was presented to him. We will therefore review the decision upon the other questions presented, regarding the facts as found against the Appellant.

The principal question is whether the Respondent is estopped by his acts at the time of the execution of the assignment of the agreement between Henry Califf and himself, to the Appellant from denying the Appellant's title to the property in question. There is scarcely any principle more thoroughly settled, than the one which prevents a man from asserting title to property, after silently permitting another to dispose of it as his own, when such silence was designed to, and does induce the purchaser to think that he is dealing with the true owner. The contrary doctrine would lead to the encouragement of fraud, which the law never countenances. Yet, to create an *estoppel in pais*, the party to be estopped, must have clearly done, or omitted to do, some act, or made, or omitted

to make, some declaration, which has influenced the conduct of the party claiming the estoppel, and the act, declaration or omission, must have been made to deceive or mislead the party who acted upon it. 1 *Cow. & Hill, notes to Phil. Ev.*, *1st ed.*, 200 ; 8 *Wend.*, 482 ; 3 *Hill*, 215 ; 6 *Hill*, 536. Did the evidence in this case leave the facts *as* claimed by the Appellant, uncontradicted, there would be no doubt that they would estop the Respondent from denying that the title of the wood was in the Appellant under the assignment of the contract ; but let us see how the case in this respect stands. It does not appear from the assignment that the five hundred cords of wood mentioned therein, was cut or uncut, whether it was the pile of wood upon which the parties were at the time of its execution, or the standing timber. The Appellant of course claims that it was the cut wood which was piled upon the banking ground, and this fact must prevail to make out the estoppel. The Respondent insists upon the other construction, and as the instrument does not itself absolutely settle the question, the Referee did right to admit all the evidence bearing upon the controverted point, that was properly offered. A large amount of testimony was taken on both sides, which is of a sufficiently contradictory character, to preclude a re-examination of facts found upon it; the legal effect of the report being, as we have before held, to find all the controverted facts in favor of the Respondent, we are necessarily bound to hold the question of the estoppel of Hillhouse, as claimed by the Appellant, to have failed, with the interpretation that the Referee has put upon the assignment. In this view of the case, it is unnecessary for us to say how we would have found the facts which the Appellant claims to be proven, and upon which the question of the estoppel must stand or fall, had we stood in the place of the Referee ; there certainly is testimony which leads the mind in both directions, and in all such cases, the advantage which the tribunal that heard the evidence, possesses over the one that only reads it, is sufficient to make the decision of the former conclusive.

The only question remaining, is in reference to the admission of the testimony relative to the warehouse books of the

Respondent. The statutes, *Comp. S.*, *p.* 685, would have excluded them for the purpose of proving the payment of money, and had the Appellant made his objection specific upon this point, the admission of the books would have been error; but as the objection was general, and did not point out to the Referee the particular ground on which it was taken, the Appellant cannot avail himself of it here. 20 *John.*, 357; 17 *Wend.*, 142; 15 *Wend.*, 510; 6 *Barb.*, 330.

The judgment of the Court below is accordingly affirmed.