Cheney *v*. Beals.

CHENEY *vs.* BEALS.

Giving and presenting a check for money deposited for safe keeping, operates as a demand of the amount specified therein.

An objection which, if taken at the trial, might have been obviated, can not be raised for the first time on appeal. If not taken at the first opportunity, it will be deemed waived.

Money deposited by one as executor, may be sued for and recovered by him in his own right.

APPEAL from a judgment of the Ontario county court, reversing a judgment of a justice of the peace.

*D. Herron,* for the appellant.

*G. F. Danforth,* for the respondent.

*By the Court,* WELLES, J. The plaintiff's complaint in the action before the justice was for money deposited by him with the defendant for safe keeping, which the defendant refused to return, with a demand of judgment for $50 or under, with costs. The answer was a general denial. On the trial, which took place on the 2d day of May, 1865, the plaintiff was sworn as a witness in his own behalf, and testi-

fied as follows : "I have deposited, and have now on deposit, money with the defendant for safe keeping. I deposited as executor of Ephraim W. Cheney. On the 25th day of November last, I drew from his bank $15 or $20. I immediately went from the defendant's bank to Mr. Gridley's coal yard, and bought coal of him, and paid him for it with the same money I had received of the defendant. When I drew the money from the defendant's bank, I hadn't a dollar in my possession ; I went directly from the bank to Mr. Gridley's coal yard ; I didn't stop on the way ; I didn't make a purchase on the way ; I didn't talk with any one, or stop my horse on the way ; I drove right into the coal yard and ordered the coal, and while Gridley was making out the bill, I paid him the amount ; the five dollar bill now shown, I suppose to be one of the bills I paid him. I paid him out of the money I received from Beals."

Harrison Gridley, a witness for the plaintiff, testified as follows : " On the 25th day of November last, the plaintiff gave me this bill ; the moment he gave it to me, I told him I thought it was a counterfeit; he said he got it from Mr. Beals' bank, and had just come from the bank with it ; I told him Beals ought to know, but I thought it was counterfeit ; but I would take it ; I marked the bill immediately with the initial letters F. W. C., and dated it November 25th, 1864 ; these words are still on the bill, in my hand writing, and are the same I put on ; the bill, with other bills, was paid to me by the plaintiff, for coal ; I am something of a judge of money ; I think the bill shown me is a counterfeit."

Charles S. Monteath, another witness for the plaintiff, testified : "I have handled money some, but don't call myself a first rate judge of money ; I am employed as teller in the defendant's bank ; the bill shown me is counterfeit."

The plaintiff here rested.

Charles S. Monteath was called as a witness for the defendant, and testified : " I know I never paid out such a bill as that ; I can not say I remember any of the circumstances of

paying the plaintiff money on the 25th of November last ; I may have paid him money on that day, but I don't remember ; I have paid him money at different times, as teller in the defendant's bank ; I am teller in the defendant's bank ; I think I could not have paid it, and that it was impossible for me to pass such a bill." The testimony here closed, and the justice rendered judgment in favor of the plaintiff for five dollars and costs.

The county court reversed the judgment ; but it does not appear upon what ground. The only question litigated at the trial, was whether the counterfeit five dollar bill was paid by the defendant to the plaintiff on the plaintiff's draft ; and the judgment settles the question that it was so paid, and on account of money deposited by the plaintiff with the defendant for safe keeping.

The first three and the seventh grounds stated in the notice of appeal for reversing the judgment of the justice, are manifestly too general to be entitled to any consideration. The fourth and fifth grounds are substantially the same, and are intended to raise the question whether the plaintiff could recover in his own right for money deposited by him, as executor of a deceased person, with the defendant. That point is not insisted on or raised here, and may be regarded as abandoned. It certainly can not be maintained, as the law is well settled otherwise. (*Valentine* v. *Jackson,* 9 *Wend.* 302 ; *Merritt* v. *Seaman,* 6 *Barb.* 330, and other authorities which might be referred to.) The sixth ground of appeal mentioned in the notice, is the only one that remains to be considered. It is as follows : " There was no evidence given on the trial showing that the plaintiff ever demanded the money which he, in his complaint, claimed to have deposited with the defendant, or that the defendant refused to deliver the same." This ground was not made or alluded to upon the trial, and can not, therefore, be now insisted upon. As before remarked, the only litigated question seems to have been, whether the five dollar bill, which was clearly

Cheney *v.* Beals.

proved to be counterfeit, had been paid by the defendant to the plaintiff, on account of the money deposited by the latter with the former, or on any other account. The evidence given by the plaintiff was strong to show that this identical five dollar bill was part of the money which the plaintiff drew from the defendant's bank on the 25th of November, 1864. The presumption, I think, is that the money was drawn in the usual manner, by the plaintiff giving his check for it. Whatever the amount of the check was, it would operate as a demand for as much good money, which the defendant paid him, less the amount of the bill in question. But however this may be, the conclusive answer to the objection as now urged, is, as already stated, that it was not raised before the justice, and comes too late. If it had been then raised, it would have been competent for the plaintiff to supply the defect, and for the justice to allow an amendment of the complaint, if either or both were necessary. The defendant not having taken his position before the justice, by way of a motion for nonsuit, upon the ground now urged, or in some other way directed the attention of the party and the court to such alleged defect of proof, should now be regarded as having waived the objection. Upon this question the authorities are numerous, and all in the same direction. I will refer to a few of them.

In *Jackson* v. *Davis*, (5 *Cowen*, 123–127,) it was held that if an objection, which can be obviated by further proof, be not taken, or not persisted in at the trial, it will not be received as the ground of a motion for a new trial ; for it is of a nature which might have been removed by further evidence.

In *Doane* v. *Eddy*, (16 *Wend.* 523–526,) it was held that where a defendant, sued here, justified the taking of property in a sister state under an attachment issued there, he is bound, it seems, to show that the process issued conformably to the laws of the place. The omission to give such proof can not, however, be objected to in *bank*, if the question was

not raised at the trial. That it was against well settled principles to allow a party to take an objection before the court in *bank*, which, if made at the circuit, might have been obviated.

*Langdon* v. *The Fire Department of the City of New York*, (17 *Wend.* 236,) was a writ of error to the Superior Court of the city of New York. The action in the Superior Court was by the fire department, against Langdon, to recover four statute penalties. The plaintiffs below had a verdict, upon which judgment was entered, and one of the errors alleged in the Supreme · Court was, that they had failed to prove themselves a corporation. The Supreme Court (Bronson, J.) said : " The objection that the plaintiffs did not prove themselves a corporation was not taken at the trial." \* \* \* " The party can not make questions on a writ of error, which might have been answered, if presented at the proper time."

In *Potter* v. *Deyo*, (19 *Wend.* 361,) Bronson, J. says : " As a general rule, a party can not have a review for an ·omission in the proofs of his adversary, which could have been supplied, had it been pointed out at the proper time."

In *Merritt* v. *Seaman*, (6 *Barb.* 330,) Parker J. says : " It is a salutary rule, and applicable as well to cases as bills of exceptions, that a party shall not be permitted, on a motion for a new trial, to avail himself of an objection made on the trial, unless the ground of objection was so particularly stated as to enable the opposite party to supply, if possible, the alleged defect." The learned justice further remarks : " It is equally due to the tribunal before which the trial is had, that the ground of objection should be frankly and specifically stated. The court and the party have a right to suppose that a ground of objection not thus pointed out is waived "—*a fortiori*, if the objection was not made at all.

See also *Ryerss* v. *Wheeler*, (25 *Wend.* 439, *and S. C. in error*, 4 *Hill* 466 ;) *Norman* v. *Wells*, (17 *Wend.* 142, 143 ;) *Reab* v. *McAllister*, (8 *Wend.* 111 ;) and *Oakley* v. *Van*

*Horn,* (21 *id.* 305,) all of which, in one form or another, hold the same doctrine.

For the foregoing reasons, I think the judgment of the county court should be reversed, and that of the justice affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]