# GIDEON FOUNTAIN v. DANIEL L. PETTEE.

### Evidence—Grounds of Objection—Error—New Trial.

It is incumbent on a party objecting to the reception of evidence, to communicate to the Court and opposite party the nature and grounds of his objection, to entitle himself to a new trial for an error in overruling such objection.

MASON, J.—This is an action of assault and battery, tried before a Judge and jury in the Kings County Circuit, and the Plaintiff recovered a verdict of $750, which was affirmed by the General Term, on appeal taken by the Defendant, and the Defendant has appealed to this Court from the judgment.

The charge of the Judge is not contained in the case, and the verdict is fully warranted by the evidence, assuming that the jury believed the Plaintiff and his evidence, which it was wholly their province to do, if they were impressed with the truthfulness of his testimony.

The only questions which can be reviewed in this Court are the rulings of the Judge upon questions of evidence.

The Plaintiff was a collector of wharfage of Pier No. 35, North River, and called on the Defendant, an iron-dealer, at his office, 228 Water street, New York, to collect a bill for wharfage of a boiler belonging to the Defendant, and spoke to him about the boiler, which, it seems, the Defendant knew nothing about; and some words ensued between the parties as to the ownership of the boiler; and they got so much at issue over that question that the Plaintiff did not present the bill to the Defendant before he was ordered to leave.

It therefore became very proper for the Plaintiff to explain why he did not make known to the Defendant that he came to collect the bill for wharfage on the boiler, and with that view he was asked the question—"*Why did you not tell the Defendant more of the purpose that called you there?*" To this question,

16

the case says, " *the Defendant's counsel objected ;* " which objection was overruled by the Court, and the Defendant's counsel excepted.

There are two answers to this exception. In the first place, the evidence was complete, as tending to show that the Plaintiff went there on business, and was lawfully in the Defendant's office, and that his omission to communicate to the Defendant his business fully was owing to the reason that the Defendant denied all ownership of the boiler, and they got at issue over that.

The second answer is, there is no ground of objection stated to the evidence. The rule requires the party objecting to the evidence to communicate to the Court and to the opposite party, in some form, the grounds of his objection to the evidence, and if he fails to do so, his objection will not avail him on a motion for a new trial.

This is a just and reasonable rule. It is due to the party offering this evidence that he should be informed of the ground of objection to it. The party may choose to acquiesce in the correctness of the evidence, and withhold the same, if the ground of objection is stated.

It is sufficient to say that the rule itself is too well settled to admit of discussion, as will be seen by reference to the cases (Merritt *v.* Seaman, 6 Barb. R. 330 ; 5 J. R. 467 ; 8 id. 387 ; 1 Cow. R. 622 ; 6 Hill's R. 407 ; 17 W. R. 257 ; 24 W. R. 277 ; 25 id. 437 ; 1 Den. R. 281 ; 3 Den. R. 114 ; 2 Hill's R. 603 ; 2 Seld. R. 345 ; 1 Comst. R. 83 ; 18 N. Y. R. 448 ; 32 N. Y. R. 440 ; 20 N. Y. R. 32).

There is still a third answer to this objection. The Defendant afterwards went fully into it himself, and covered any objection there might be (Morgan *v.* Reid, 7 Abbotts' R. 215).

The Plaintiff's counsel asked the Plaintiff the following question : " Were you at the time the collector of the wharfage of Pier No. 35, North River ? " And to this question the counsel for the Defendant objected, by simply stating that he objected to the evidence.

This objection was properly overruled, for the reasons already

stated as to the former objection; and besides, it was entirely competent for the Plaintiff to state his pursuit or business.

This furnishes an answer to the objection taken in folio 25. The question was, " *What was your business?* "   And the Defendant simply objected to the evidence, without stating any reason or grounds of objection.

The other objections are all equally frivolous, and the objections are all taken in the same form, and none of them are well taken.

The judgment should be affirmed.

Affirmed.