THEODORE ENGLEBRECHT et al.

. *vs.*

HENRY RICKERT.

It is alleged in the answer that the premises on which the plaintiff seeks to have his demand adjudged a lien, are defendant's homestead. *Held*, That the allegation does not constitute a counter-claim, and is not therefore admitted by a failure to reply thereto.

An objection that the report of a referee is not sufficiently specific will not be entertained in this Court. The remedy of the aggrieved party in such case is by motion in the court below for an order sending the report back to the referee for correction.

The plaintiffs brought suit in the District Court for Ramsey County, as mechanics and material men to enforce their lien under the statute, for work done and material furnished in building a house for defendant. Issue was joined and the cause tried before a referee, who found for the plaintiffs. The defendant made a motion to set aside the report of the referee, and for a new trial, which was denied, and judgment entered on the report. The defendant appeals from this judgment. The defendant on the trial was allowed to amend his answer so as to allege that the premises against which the lien was sought to be enforced were defendant's homestead, and occupied by his family as such. No reply was made to this allegation, no evidence was offered to sustain it, and the referee found it untrue. One of the points urged by the defendant on the appeal, was that it should have been denied by the plaintiff, as it constituted a counter-claim. The only other point made was that the report of the ref-

Englebrecht v. Rickert.

eree was not sufficiently definite; but as it is held that the objection comes too late, and that the proper remedy is not by appeal, no statement of the case in regard to it is necessary.

R. B. Galusha for Appellant.

James Gilfillan for Respondents.

*By the Court.*—Wilson, Ch. J.—The defendant as a ground of reversal interposes two objections to the proceedings below: 1. That the report of the referee is not sufficiently specific. 2. That " the allegation in the answer that the premises described in the complaint were a homestead should have been denied by the plaintiffs, as it constitutes a counter-claim. " The second objection is untenable as a legal proposition. The allegation referred to is not in the nature of a counter-claim. *Chap* 66, *Sec.* 80, *Gen. Stat.*

The first objection, even if true, comes too late. The remedy of the aggrieved party in such case is by motion in the court below for an order sending the report back to the referee for correction. *Califf vs. Hillhouse*, 3 *Minn.*, 311. The report finds generally facts sufficient to support the judgment.

Judgment affirmed.