By the Court.—Truax, J.
The exceptions to the judge’s charge are not well taken. The learned judge charged the jury that “all the evidence shows that the existence of such a well-hole, a receptacle for water, was something unusual to have in an engine-room.” All the evidence does show this. It was téstified to by the plaintiff’s witnesses, and was not disputed by those of the defendants. Yet, if there be any error in this portion of the charge, it is cured by the learned judge! afterward charging the jury that “ the defendants had a right to construct this well-hole, in the manner they did, and they had a right to maintain it without any *300 cover, they had a right to utilize it for the purposes for which it seems to have been intended.”
The learned judge further charged the jury, “the moment they (the defendants) call the plaintiff into the room, it became their duty either to cover, and effectually cover, this well-hole, or else to call the attention of the plaintiff to its existence, and to give him proper warning concerning it.” The defendants excepted to that part of the above which is in italics, lío harm was done the defendants by the whole of the judge’s charge. He charged the jury, in substance, that if the plaintiff did not exercise ordinary care and precaution, if he did not use his eyes and his ears, if the existence' and nature of the well-hole was so plainly and palpably visible that any man exercising ordinary care and precaution should and would have seen it, or if its existence was brought to plaintiff’s attention by the noise made by the steam, or if express warning was given him and he then stepped into the hole, he could not recover. And he left it to the jury to determine the facts.
This was a plain statement of the law applicable to this case. The law is well settled, that it is the duty of the owner or occupant of a building to maintain it in such condition that those persons whom he invites upon the premises shall not be injured by any defect in the building (Coughtry v. Globe Woolen Co., 56 N. Y. 124; Swords v. Edgar, 59 Id. 28 ; Clancy v. Byrne, 56 Id. 133).
The charge as a whole conveyed to the jury the correct rule of law on these questions, and, therefore, the judgment will not be reversed (Caldwell v. N. J. Steamboat Co., 47 N. Y. 282; Losee v. Buchanan, 51 Id. 492).
The defendants objected generally to numerous questions at the time they were asked; their objections were overruled and they duly excepted.
*301 These objections are not available on a motion for á new trial (Fountain v. Pettee, 38 N. Y. 184, and cases there cited).
The defendants objected to the admission of certain testimony, on the ground that it was irrelevant and incompetent. These objections were overruled and the defendants duly excepted. The defendants were not injured by the admission of this testimony, which they say is irrelevant and incompetent, and, therefore, a new trial will not be granted them (Townsend v. Narragansett Ins. Co., 36 Super. Ct. 170 ; Downs v. N. Y. C. R. R. Co., 56 N. Y. 664). This testimony was competent in rebuttal to contradict defendants’ witness, Kennedy.
At the close of the plaintiff’s case the defendants moved to dismiss the complaint on the grounds: 1st. That the evidence does not show any negligence on their part; 2d. That the evidence shows contributory negligence on the part of the plaintiff. This motion was renewed at the close of the trial. The motions were denied and the defendants duly excepted. '
The questions of the negligence of the defendants, and of the contributory negligence of the plaintiff, were properly left to the jury (Clancy v. Byrne, 56 N. Y. 129).
The other exceptions taken by the defendants were not well taken.
Judgment and order affirmed, with costs.
Sedgwick, Ch. J., concurred.