LENA BEIR, RESPONDENT, *v.* CYRUS T. COOKE, APPELLANT.

*Nuisance — when the smoke, soot, etc., from a planing mill constitute a nuisance — in an action by an adjoining owner for an injunction all damages ·sustained· prior to the trial are recoverable.*

The plaintiff, the lessee for a term of three years of a dwelling-house, brought this action to restrain the defendant from so conducting the business of manufacturing sashes, blinds and boxes in the adjoining premises as to allow the steam, smoke, soot, cinders and partly burned shavings issuing therefrom to come upon and into the plaintiff's premises to her annoyance and damage. It appeared that the plaintiff's house was at times enveloped in smoke, and that dust and soot proceeding from the defendant's works were deposited on the windows and in the rooms of the plaintiff's house, and upon clothing when hung in the yard to dry.

*Held,* that the plaintiff was entitled to the injunction demanded in the complaint.

That as the injury was to the use of the entire premises for the purposes of a dwelling-house, the plaintiff's damages were to be determined by the difference between the rental value of the house free from and subject to the nuisance.

That she was entitled to recover in this action all the damages sustained up to the time of the trial thereof.

APPEAL by the defendant from a judgment, entered on the report of a referee.

The action was brought June 27, 1882, by Morris E. Solomon and Lena Beir to restrain the continuance of an alleged nuisance. The plaintiff Solomon was the owner of the premises situate in the city of Rochester and occupied by the plaintiff Beir, his tenant, as a dwelling-house under a lease for the term of three years from the 1st day of April, 1880, at the annual rent of $700. The premises are situate on South Chatham street. About the 1st of September, 1881, the defendant put into operation upon his premises, south of, and adjoining those first mentioned, an establishment with machinery for sawing, planing and turning material for, and the

manufacture of sash, blinds and boxes, and operated and propelled it by steam, generated by an engine on the premises.

The alleged cause of the complaint is that this use by the defendant of his premises and its operation, produced much noise and vibration and shook the premises occupied by the plaintiff Beir, and caused to be emitted smoke, vapor, cinders and soot, which came over and upon the premises occupied by her, into the house, and interfered with and substantially impaired the comfortable enjoyment of the house and premises, and occasioned damage. The complaint was dismissed as to the plaintiff Solomon without costs, and judgment was directed for the plaintiff Beir, restraining the defendant from allowing steam, smoke, soot, cinders and partly burned shavings from issuing from his manufactory so as to occasion a nuisance or annoyance to her, and for $100 damages, with costs. From the judgment entered the defendant appeals.

*Henry W. Conklin,* for the appellant.

*John R. Fanning,* for the respondent.

BRADLEY, J.:

The evidence failed to establish an injury to the reversion, and the complaint was properly dismissed as to the plaintiff Solomon. (*Simpson v. Savage,* 1 C. B. [N. S.], 347.) The facts found by the referee, upon which his conclusion was founded that the defendant be enjoined from continuing the nuisance, to the prejudice of the plaintiff Beir, were well supported by the evidence, and justified the relief given by the judgment in that respect. The defendant's premises for some time prior to the fall of 1881, had been occupied by a school building, and the plaintiff's premises and occupants had not been subjected to any annoyance which could be deemed a nuisance.

But evidence tends to prove and the referee has found, substantia.ly, that since the defendant commenced operating this manufactory, the smoke, cinders, soot, etc., from the chimney of it, have been cast upon the adjacent premises occupied by the plaintiff, to such an extent as not only to render the enjoyment of life and property there uncomfortable, but so as to damnify the beneficial use by the plaintiff of the premises for the ordinary purposes of the house and

curtilage. While it is true that persons living in a city must suffer the consequences which come from the bustle and noise incident to the activity of business and the manner which it may be done, and from the various causes which are produced by a dense population against which there is no legal ground for complaint, they are entitled to protection against the carrying on of a trade or business in a manner which materially injures their property or affects their health, or renders the enjoyment of it physically uncomfortable. (*Crump* v. *Lambert*, L. R., 3 Equity Cases, 409 ; *Catlin* v. *Valentine*, 9 Paige, 575 ; *Brady* v. *Weeks*, 3 Barb., 157.)

The right of one to use his own is somewhat qualified, and necessarily so for the benefit of society. He is required to use it in such manner as not to injure that of another. In other words, he may not use his property so as to invade the legal rights of his neighbor. It is not every injury that results to the property of one or more persons by the manner in which another uses his property that affords a remedy. Its market value may be greatly impaired by the style or character of the structure which may be erected by the owner on his premises, or by the business carried on there, and yet not constitute a nuisance or afford any remedy, because it violates no legal right of the persons so injured. (*Pickard* v. *Collins*, 23 Barb., 444, 458.)

The owner or occupant of premises has no exclusive property in the air, but he has the right to have that over them free and uncorrupted by foreign substances, gases, vapors, smoke, cinders, etc., which tend to a material injury to property, health, or physical comfort. And when that condition is produced and continued by the manner that another uses and operates his property, it may be treated as a nuisance and a legal remedy will be afforded. (*Bamford* v. *Turnley*, 3 Best & Smith, 62; *Tipping* v. *St. Helen's S. Co.*, 4 id., 608 ; *Flight* v. *Thomas*, 10 Adol. & E., 590 ; *Broadbent* v. *The Imperial G. Co.*, 7 De G., M. & G., 436 ; affirmed, 7 H. L. Cases, 600 ; *Campbell* v. *Seaman*, 63 N. Y., 568 ; S. C., 20 Am. R., 567.)

This case fairly comes within the rule which entitled the plaintiff to relief. The evidence tends to prove that the house he occupied was at times enveloped in dense smoke from the defendant's works, that soot and dust from there were deposited on the win-

dows and in the rooms of the house, when open, and upon washed clothing and things when hung in the yard to dry. And that other and like annoyances came from cinders, burned shavings, etc. The legal propositions applicable to such cases and the fundamental principles upon which they rest have so long and so well been settled, that it is unnecessary to state them any more fully or support them by further reference to authority.

The evidence tends to prove that the plaintiff actually sustained some damages. And the referee gave her $100. The defendant's counsel contends that there was error in the reception of evidence on that question. The plaintiff gave evidence of the effect of the condition produced by the causes of complaint upon the market value and the rental value of the premises, by proving those values with and without that condition. And to the reception of the evidence defendant's counsel took objection and exceptions. That in respect to the market value had no importance, except as it was descriptive of the effect of the situation on the property. And it became wholly unimportant when the plaintiff Solomon left the case, and it practically went out with him. The referee disposed of that question when he dismissed the complaint as to him. The plaintiff was interested in the rental value, and that only. She had the property for a term, and her interest was in its use. And her damages were the depreciation of the value of that use. Without this disturbance the evidence on the part of the plaintiff tended to prove the annual rental value $700, and with it $300 to $350. The trial was commenced in March, 1882, and concluded some months later, and evidence was given as to the condition and effect of the operation of the defendant's mill, as related to the plaintiff's premises, up to a time later than the commencement of the action. It cannot be said that the evidence did not permit the referee to assess the damages sustained by the plaintiff prior to the commencement of the action at the amount he allowed the plaintiff. And, in such a case as this, we do not understand that the damages assessed are to be those only which accrued prior to the commencement of the action, but think they may include those sustained up to the time of the trial. (*Vandevoort* v. *Gould*, 36 N. Y., 639, 646.) The rule might be otherwise in an action at law for damages only. The plaintiff was entitled to recover her actual damages sustained by reason of

the causes for which the defendant was liable. And as the injury here went to the use of the entire premises for the purposes of a dwelling place, the damages were the amount of the reduction in value of such use thus occasioned. The rule would have been otherwise if the injury had been specific and partial only, in its effect upon the use.

The evidence of the rental value was not, we think, incompetent. At all events, the general objection taken did not raise the question of the incompetency of opinions, as such, of the witnesses. To raise that question required that a specific ground of the objection to that effect be stated. (*Walker* v. *Erie Railway Company*, 63 Barb., 261; *Fountain* v. *Pettee*, 38 N. Y., 184; *In re Crosby* v. *Day*, 81 id., 242; *Ward* v. *Kilpatrick*, 85 id., 414, 417.) The evidence was sufficient to permit the referee to assess the damages as he did. The facts arising out of the conflict of testimony are deemed settled by the findings of the referee. The exceptions have been carefully examined and none of them seem to be well taken.

The judgment should be affirmed, with costs.

SMITH, P. J.; BARKER and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.