PARTRIDGE v. MITCHELL and others.

---

Any person having an interest under a will may set up the statute of limitations, without requiring the concurrence of the executor. It may be done in a master's office upon a reference to take the accounts.

A guardian *ad litem* (for interested infants) may, on the taking of accounts in a master's office, interpose the statute of limitations as a bar to a claim.

---

*Jan.* 31, 1838.

*Statute of Limitations.
Master's Office.*

APPLICATION by the administrator of John Mitchell, deceased, that a balance paid into court by a master on foreclosure and sale, might be paid out to the creditors of the said John Mitchell. A reference was had; and the guardian *ad litem* of the infant children of this John Mitchell took the objection that some of the debts were barred by the statute of limitations; and, on that ground, excepted to a master's report. The point now came before the court. In support of the report, it was insisted, that, as the administrator had assented to the debt, the statute was no bar.

Mr. *B. Haight*, for the guardian *ad litem* and in support of the exceptions.

Mr. *W. N. Dyckman*, contra.

THE VICE-CHANCELLOR:—Although an executor or administrator may not be bound to plead or set up the statute of limitations, they are at liberty to do so, if they think proper. It is competent for any party in interest, as, for instance, a residuary legatee or next of kin to take the objection without the concurrence of the executor or administrator; and this may be done even where the latter refuses to set it up. It can be done in the master's office, upon a reference to take an account of debts and of the administration. The case of *Shewen* v. *Vanderhorst*, 1 Russ. & M. 347, is directly in point.

The master erred in overruling and refusing to consider the objection, founded upon the statute, as taken by the guardian

*ad litem* of the infants, who are the next of kin and interested in the fund. He should have considered the question; and if he found that the statute applied, he should have heard testimony, if any could be produced, to take the claims or demands out of the statute. With respect to the Gelston note, dated 27th April, 1815, payable on demand, the statute had run against it at the time of the death of John Mitchell in the month of October, one thousand eight hundred and twenty-six, unless within six years of that period some act has been done by him to keep it alive—such as the payment of interest by him or some express promise to pay or acknowledgment of its being a subsisting debt. The endorsements on the note are not, of themselves, evidence for this purpose. The facts, which these endorsements indicate, should be proved; and if the two payments of thirty dollars and twenty dollars in September and October, one thousand eight hundred and twenty-five, were not made with the assent or by the authority of John Mitchell, they could not affect him. Nor could the payments, made in the years one thousand eight hundred and twenty-nine and one thousand eight hundred and thirty, after his death and before administrators of his estate were appointed, have the effect to revive the note against his heirs or personal representatives: Williams on Executors, 1199.

But, suppose enough to be proved to take the case out of the statute and to render it a subsisting debt against the maker of the note at the time of his death in the month of October, one thousand eight hundred and twenty-six: has there not been such a delay since as to bar the recovery upon it? If the statute was running from the seventh of October, one thousand eight hundred and twenty-five, six years, of course, had elapsed in October, one thousand eight hundred and thirty-one; and, although there was no legal representative to sue until the twenty-third of August, one thousand eight hundred and thirty-one, when administrators were appointed, yet this would seem to make no difference. The operation of the statute was still going on: *Wenman v. The Mohawk Insurance Company*, 13 Wend. 268, 269; and as no suit at law was commenced nor claim interposed until the month of October, one thousand eight hundred and thirty-five, and then not by the creditors but upon the petition of the administrator himself, there is room

for concluding that the statute may have barred the debts, by its operation even since the death of John Mitchell.

I am willing, however, to give the creditors, whose debts are objected to, another opportunity of going before the master and introducing any evidence they can to show the debts were kept alive by the payment of interest or by the promises and acknowledgment of the debtor within six years of the period of his death ; and to show, moreover, that though more than six years have elapsed since his death before the demands were presented to this court, the statute has not run or, in other words, what acts have been done in the mean time and by whom, to take these claims out of the operation of the statute.

Let it be referred back to the master, to take such proofs, for the above purpose, as the parties can give ; and to report the same to the court.