Van Vleck *v.* Burroughs.

———————•◦•———————

Same Term.    *Before the same Justices.*

Van Vleck *vs.* Burroughs and others. adm'rs. &c.

A justice of the peace has jurisdiction to try an action of trespass on the case for willfully neglecting or refusing to issue an execution on a judgment recovered before the defendant as a justice of the peace.

Where a creditor institutes proceedings before a surrogate, to compel payment of his demand, if the executors or administrators seek to avail themselves of the statute of limitations, they must state such defence in time to enable the creditor to meet it by proof. It is too late to do so when the cause is submitted on written points, after the evidence is closed.

In such proceedings before a surrogate, the parties ought to make statements of their claims in the nature of pleadings, in order that the parties may be apprized of the questions in issue.

The fact that executors or administrators have never advertised for the presenting of claims, does not entitle a creditor to recover costs in a suit brought against them. Costs can only be recovered where the claim has been presented and the payment has been unreasonably resisted or neglected, or where there has been a refusal to refer a disputed claim.

In Equity. On the 16th of November, 1835, Horatio W. Orcott recovered a judgment before John Dewey, Esq. a justice

of the peace of Greene county, against William Burroughs, for damages and costs $25,20, and on the same day Orcott assigned the judgment to John Van Vleck, Esq. On the 24th of the same month, an affidavit was made and bond executed in behalf of Burroughs, and a certiorari allowed, for the purpose of removing that judgment to the court of common pleas of Greene county. On the 29th of November, 1835, William Burroughs died. The certiorari and accompanying papers were served on the justice on the 7th December, 1835, and, together with the return of the justice, were filed in the county clerk's office on the 14th of December, 1835. Letters of administration were granted to the administrators of William Burroughs, deceased, on the 7th of March, 1836. In January, 1841, Mr. Van Vleck made an affidavit, and served on K. Van Dyke, Esq. the attorney who brought the certiorari, a copy thereof, with notice of motion, and on the 9th of September, 1841, made a motion in the court of common pleas, which was opposed by Van Dyke by affidavit. On that motion a rule was entered in the court of common pleas directing the writ of certiorari to be dismissed with costs. The bill of costs for arguing the certiorari was taxed at $20,21, and the costs of the motion to dismiss the same were taxed at $8,26. No order for creditors to exhibit claims was ever granted by the surrogate of Greene county, to the administrators.

On the 16th of July, 1844, on a petition presented by Mr. Van Vleck, to the surrogate of Greene county, a citation was issued to the administrators of William Burroughs, calling on them to account, returnable 19th of August, 1844. On that day Mr. Van Vleck appeared, by his counsel, and the administrators appeared by K. Van Dyke, Esq. as their counsel, and the proceedings were adjourned from time to time until the 9th of September, 1844, when the surrogate proceeded to hear the proofs and allegations of the parties. The administrators then admitted that there were sufficient assets in their hands to pay Van Vleck's claim and costs. The facts above stated were then proved before the surrogate. The cause was then submitted by the parties on written points. In the points submitted by

the administrators they claimed, among other things, that the demand in question was barred by the statute of limitations. The surrogate decreed that the claim of Van Vleck, on the judgment, and the costs of arguing the certiorari, were not a legal claim against the estate of Wm. Burroughs, and rejected the same, but directed the costs of motion, $8,24, to be paid by the administrators, out of the estate. The surrogate also charged Van Vleck with the surrogate's fees, being $14,25, and also with his attorney's costs, and witnesses fees, $44,67, and directed the administrators to pay the costs of the attorney, and charge them to the estate.

This decree was made on the 26th of December, 1844. Van Vleck appealed from it to the late court of chancery.

*S. Stevens,* for the appellant.

*H. Hogeboom,* for the respondents.

*By the Court,* PARKER, J.   The question whether the surrogate's court was a proper tribunal to try the validity of the appellant's claim, was not raised before the surrogate, nor on the hearing of the appeal · before the court.   I shall not, therefore, express any opinion upon that question, but considering the parties as having agreed in regard to it, shall proceed to examine the case upon the merits.

It is first objected by the respondents that the justice had no jurisdiction of the subject matter of the suit brought by Orcott against Burroughs, and that therefore the judgment was void. That suit was a special action on the case for willfully neglecting and refusing to issue an execution on a judgment recovered before the defendant as a justice of the peace.   The justice had, by the second section of the statute relative to courts held by justices of the peace, jurisdiction of all actions of trespass on the case, which were not excepted in the fifth section.   (2 *R. S.* 325, 3*d ed.*)   The fact that the trial of a cause involves an inquiry into the official conduct of the defendant, as a justice, is no where declared an exception, nor has it ever been regard-

ed as an objection to the jurisdiction. In *Tompkins* v. *Sands*, (8 *Wend.* 462,) an action on the case was brought before a justice of the peace against the defendant, who was also a justice of the peace, for refusing to take bail on appeal from a judgment rendered by him, and the supreme court held the action maintainable. The judgment, therefore, when recovered before Justice Dewey, and assigned to the appellant, was a valid demand against Burroughs; and not having been subsequently reversed, it remained after his death a legal claim upon his estate.

I do not think the respondents are at liberty to avail themselves of the statute of limitations. No such defense was interposed before the surrogate, nor was any thing said on the subject till after the proofs were closed and the cause was submitted. Then the respondent took the objection for the first time, in the written points submitted by him to the surrogate. If such a defense was intended, it should have been stated in time to enable the appellant to meet it, with farther evidence. Such is the well settled rule in courts both of law and equity, and there is no reason why it should not apply to proceedings before a surrogate. There, as well as in other courts, the parties ought to make statements of their claims in the nature of pleadings, in order that the parties may be apprized of the questions in issue. (*Foster* v. *Wilbur*, 1 *Paige*, 540.)

In this view of the case it is unnecessary to inquire as to the validity of the certiorari. Whether the certiorari was void because not served before the death of Burroughs, or whether it was valid until subsequently dismissed for want of prosecution—in either case the judgment rendered by the justice was in full force at the time of the hearing before the surrogate. It was a legal demand against the estate, and the respondents having admitted sufficient assets, I think the appellant was entitled to a decree for payment.

But I do not see upon what principle the costs of the certiorari suit, or of the motion to dismiss it, are chargeable to the estate. The former were never adjudged to be paid by any person, no judgment ever having been entered in the common

Van Vleck *v.* Burroughs.

pleas. The only legal costs awarded in that court were the costs of the motion to dismiss the certiorari, and they were not adjudged to be paid out of the estate. On the contrary, the administrators of Burroughs were never parties to the suit in the court of common pleas, and even if the administrators had been substituted as parties in the place of Burroughs, and judgment of affirmance had been rendered against them on the certiorari, no costs would have been adjudged either against them personally, or against the estate. (2 *R. S.* 511, § 17.) It is only "for wantonly bringing a suit, or for unnecessarily suffering a nonsuit or non pros, or for bad faith in bringing or conducting a cause," that the defendant can recover costs against executors or administrators.

The decree of the surrogate should only have provided for the payment to the appellant of the judgment recovered before the justice, viz. $25,20, and interest since the 14th November, 1835 ; and neither party was entitled to recover any costs before the surrogate. If, instead of citing the respondents before the surrogate, the appellant had commenced a suit against them in a court of record, to recover the amount of the justice's judgment, he would not have recovered costs of suit. The fact that the respondents had never advertised for the presenting of claims did not entitle the appellant to recover costs of suit. Costs can be awarded against an executor or an administrator only when the claim has been presented and payment has been unreasonably resisted or neglected, or when there has been a refusal to refer, on the claim being disputed. (2 *R. S.* 88.) *Harvey* v. *Stillman,* (22 *Wend.* 271,) relied on by the appellant's counsel, has been overruled by *Bullock* v. *Bogardus,* (1 *Denio,* 276,) and *Knapp* v. *Curtiss,* (6 *Hill,* 386.) If the creditor is at liberty to select the surrogate's court as the forum for the trial of his claim against the estate, (and that question is not here presented for our decision,) he must abide by the same rule as to costs that would have governed if the suit were brought in a court of record.

The decree of the surrogate must be modified accordingly, and neither party is entitled to costs of this appeal.