SMITH, executor &c. *appellant,* vs. REMINGTON, *respondent.*

The statute of limitations may be interposed in a surrogate's court, as well as in any other. And in a case where courts of law have a concurrent jurisdiction with the surrogate and a court of equity, the six years' limitation will constitute a bar to the proceeding in a surrogate's court.

Where a legacy was due and payable by the terms of the will, when the legatee became 21, which was in November, 1854, and the proceedings before the surrogate to compel an account, and payment of the legacy, by the executor, were not instituted until the 4th of June, 1862, about one year and six months after the six years from the time the legacy fell due had expired; *Held* that the statute of limitations was a bar.

Time and mode of taking the objection that the statute is a bar to the proceedings before the surrogate.

APPEAL from a decree of the surrogate of Cayuga county. Abner Remington died in 1840, leaving a last will by which he bequeathed to the respondent $1300, to be paid to him on his arriving at the age of twenty-one years, the interest on which was to be paid annually before that time; and appointed the appellant one of his executors, who duly qualified and took upon himself the execution of said will. The respondent arrived at the age of twenty-one years in November, 1844. On the 4th of June, 1862, the respondent presented his petition to the surrogate of Cayuga county, praying that the executors might be required to pay him the said legacy, and render an account of their proceedings as executors. On filing the petition an order was entered and a citation issued, requiring the executors on the 7th of July thereafter, to render an account of their proceedings before said surrogate and show cause why said legacy should not be paid and discharged. The executors, on the day specified, filed their account under oath, by which it appeared that the estate had all been converted into money and paid out by the executors, and that there was nothing remaining in their hands. To this account the respondent proposed to make objections, and the matter was adjourned for a further hearing. On the adjourned day the respondent presented his

objections in writing to the said account, and thereupon the executors, by their counsel, presented several objections to the written objections, and also to the proceeding before the surrogate to compel an accounting and payment of the legacy. Amongst the latter, was the objection that more than twenty years had elapsed since the payments charged by the executors as having been made by them, and objected to by the petitioner, were made. Also that more than ten years had elapsed. Also that more than six years had elapsed since the right accrued to the petitioner to call the executors to account. The surrogate overruled the several objections; to which exception was duly taken. After hearing the evidence on both sides, the surrogate made his decree requiring the appellant to pay to the respondent the sum of $534.18, with interest thereon from the 1st of April, 1846. From this decree the appellant appealed to this court.

*D. Wright,* for the appellant.

*N. T. Stephens,* for the respondent.

*By the Court,* JOHNSON, J. The principal question here is, whether the statute of limitations was a bar to the proceedings before the surrogate, to compel the executors to account, and pay the legacy to the respondent. It appears to be well settled upon authority, that the statute of limitations may be interposed in a surrogate's court as well as in any other. And that in a case where courts of law have a concurrent jurisdiction with the surrogate and the court of chancery, the six years' limitation would constitute a bar to the proceeding in a surrogate's court. (*Kane* v. *Bloodgood,* 7 *John. Ch.* 90, 114. *McCartee* v. *Camel,* 1 *Barb. Ch.* 455. *Partridge* v. *Mitchell,* 3 *Edw.* 180. *Sherven* v. *Vanderhorst,* 1 *Russ. & M.* 347.) In *McCartee* v. *Camel,* it was held distinctly, that suits by creditors, legatees, or distributees, before a surrogate, to obtain pay-

Smith *v.* Remington.

ment of their debts or legacies, or distributive shares, must be instituted within the time in which suits of the same character are required to be commenced in the courts of common law or of equity. That was an appeal from a decree of a surrogate where proceedings had been instituted by a next of kin to compel an accounting and payment of a distributive share of the estate, and it was held to be barred by the six years' limitation. There can be no doubt that prior to the code, a court of law had concurrent jurisdiction with the surrogate in a case like this. It is not such a trust as to be the peculiar and exclusive creature of a court of equity, but one of those trusts which are the ground of an action at law, as well as a suit in equity. In this case the legacy was due and payable by the terms of the will when the respondent became twenty-one, which was in November, 1854. The proceeding before the surrogate was not instituted until the 4th of June, 1862, about one year and seven months after the six years had expired, from the time the legacy fell due. The statute must be held to be a bar, therefore, to the respondent's claim, if it has been properly interposed by the appellant. It is claimed on the part of the respondent that the defense of the six years' limitation was not duly pleaded, before the surrogate, so as to enable the appellant to insist upon it either before the surrogate or upon appeal. It does not appear that any objection was made before the surrogate in respect to the form or manner of the plea, or as to the time when it was interposed. It appears that the surrogate overruled it, but the grounds are not stated. The statute does not prescribe any form of objection by an executor or administrator, when required to account, nor whether it shall be verbal or in writing. Here the order and the citation required the executors peremptorily to render their account, and to show cause why they should not pay the legacy. They filed their account on the day specified, and when it was decided by the surrogate that the respondent might

object to the account, and contest it, the executors distinctly took the objection that more than six years had elapsed since the right to an account accrued. It was again insisted upon at the final summing up, after the close of the evidence, as appears from the return, and it is made one of the grounds of the appeal. It does not appear from the return, whether the objections were written or verbal, or in what particular form they were made. The fact, and the substance, of the objection, only appear from the return. If any objection had been taken that they were insufficient in point of form, or as being verbal, they might have been amended in that respect. But the inference, I think, is, that the objection was overruled as inapplicable to the case, and untenable upon the merits. I am of the opinion, however, that the objection was well taken, both as to form and substance. If stated verbally, it was taken down by the surrogate, and I know of no practice which requires an objection to the claim of a petitioner before a surrogate, to be written out in the form of an answer to a complaint in an action in a court of law. In respect to the time at which it was interposed, it was as soon as the surrogate determined that the account might be contested. There was no occasion for it, until then, and it was clearly in time.

In *McCartee* v. *Camel*, no answer or objection whatever was interposed, at any stage of the proceedings, to that part of the petition which prayed for a decree for the payment of the distributive share. The objection that the statute of limitations had run against the claim was first taken, so far as appears upon the argument of the appeal, and yet it was held that the claim was barred.

And in *Partridge* v. *Mitchell*, (*supra*,) it was held that the objection of the statute as a bar, might be taken before the master upon a reference to him to take the account, by any party interested.

The policy of limiting rights of action to six years, is founded upon the difficulty of obtaining proof to substan-

tiate claims of payment and settlement, after that lapse of time, and it applies peculiarly to cases of this kind. I am therefore of the opinion that the statute is a bar to this claim, and that the decree of the surrogate must be reversed.

[MONROE GENERAL TERM, March 7, 1864. *Welles, J. C. Smith* and *Johnson*, Justices.]