# FIRST DEPARTMENT

AT

# GENERAL TERM,

## 𝕸𝖆𝖗𝖈𝖍, 1877.

10    97
153a 322

## ALFRED CLOCK, Administrator, etc., Appellant, v. HENRY W. CHADEAGNE, Respondent.

*Administrator — accounting by — next of kin must be parties to — Statute of limitations — how interposed in such proceedings.*

Where one of the next of kin of a deceased person, entitled to a distributive share of his estate, calls the administrator to an account, and, upon the hearing, claims to be entitled, by assignment, to the shares of three of the other next of kin, it is error to direct that the amount of said shares should be paid over to him, unless the persons originally entitled thereto are made parties to the proceeding, as otherwise the decree would afford no protection to the administrator.

A surrogate cannot entertain proceedings instituted by one of the next of kin of a deceased person against an administrator, to enforce the payment of a distributive share of the estate of the deceased, when such proceedings are not commenced before the expiration of the time within which the distributee might have brought an action under section 9 of 2 Revised Statutes, 114.

In such proceedings, no formal written pleading is necessary to entitle a party to the protection of the statute, but it must be set up or urged before all the evidence has been taken, so that the claimant may have an opportunity to introduce evidence which may relieve him from the operation thereof. (Per Davis, P. J., and Daniels, J.)

*Van Vleck* v. *Burroughs* (6 Barb., 341) followed.

Appeal from a decree of the surrogate of the county of New York, confirming the report of the auditor appointed to settle the accounts of the appellant, as administrator of Elizabeth W. Sibell,

Hun—Vol. X.     13

deceased, and ordering the said administrator to pay certain distributive shares of the said estate to the respondent; and, also, an appeal from an order of the surrogate denying a motion to amend and correct the minutes of the auditor.

*Geo. H. Adams,* for the appellant.

*Lewis Beach,* for the respondent.

DAVIS, P. J.:

On the 5th of May, 1855, the appellant was appointed administrator *de bonis non* of the estate of Elizabeth W. Sibell, deceased. On the 16th of May, 1874, the respondent, as one of the next of kin, entitled to a distributive share in the estate of said deceased, filed his petition, averring that more than eighteen months had elapsed since the appointment of the appellant as such administrator; that he had never made any account as such administrator, and praying an order requiring him to render an account of his proceeding, and to show cause why he should not pay the petitioner the amount due to him by reason of the premises stated in the petition. The surrogate, on that day, made an order accordingly. The appellant appeared pursuant to said order, and produced an account, sworn to the 6th day of April, 1868, which appears to have been made to the surrogate and filed in his office at or about that time, and added thereto a further account of two items of expenses which he claimed to have paid on proceedings for the final settlement and allowance of his account above mentioned. To these two accounts, thus presented, the respondent filed numerous objections. Thereupon, an order was made referring the account to a referee and auditor, to hear the same and report his proceedings with all convenient speed to the surrogate. No steps were taken for a final settlement of the account, either on behalf of the appellant or of the respondent, and no citations were issued to the heirs and next of kin of the intestate. On the hearing before the auditor, the respondent, in addition to his own claim to a distributive share, as next of kin, claimed to represent and own, as assignee, the distributive shares, as next of kin, of four other persons who were not cited in the proceeding, and did not appear. In respect of two of these persons,

one of whom was deceased, the respondent testified on his own behalf, that he had received assignments of their shares in writing, which he did not produce before the surrogate, but stated that he had left them some years before in the hands of one Fowler, and did not now know where they were; and in respect to the other two shares, he testified that the parties had given their interest to him, and verbally assigned them before these proceedings were commenced. Upon this evidence, the auditor allowed to the respondent all of these four shares out of the amount which he found due from the administrator, in addition to his own; his own being twenty-two dollars and twenty-six cents, and the other four amounting to $278.26 These allowances were excepted to, but the exceptions were overruled and the report of the auditor confirmed by the surrogate. We think the allowance of the shares upon the alleged assignments, was altogether improper. None of the next of kin having been cited or appearing on the hearing, the decree, as against them, would establish nothing, and would be no protection to the appellant as against any further proceedings that they might institute to recover their distributive shares. Before such a decree could be made, it would be essential that the alleged assignors, as next of kin, should be cited and brought in as parties to the accounting. This question was properly raised by the exceptions to the report.

The auditor also charged the appellant with interest on the sum of $999.59 from the 24th of August, 1856, to the 16th of May, 1861, amounting to $330.30. This is upon a sum received by the administrator on the 24th of July, 1856, and the auditor charged him with interest at the expiration of one month from the date of its receipt. But it appears that a suit was brought against the appellant in which a claim was set up for the whole of the amount so due, and a recovery was had against him on which he paid $600. No reason whatever was shown for the allowance of interest, except the fact that the appellant kept the money on deposit in a bank in the account of his firm of " Clock & Miller," he keeping no separate account. But no evidence was given that it was ever, in fact, used in the business of that firm, or that the administrator ever received any interest for its use in any form whatever. The naked fact that he deposited the money in a bank under the circumstances stated by him, without additional proof that it was used for his benefit

or the benefit of his firm, or that he received interest on it, would not justify charging him with interest pending the period of the litigation in which it was impracticable to have made a settlement, so that the next of kin could receive any distributive shares. The charging of this interest upon such evidence as appeared before the auditor was improper.

The auditor also rejected both items of the subsequent account for proceedings upon the prior accounting. The result of that accounting is left indefinite. Nothing is shown as to what became of the proceeding; but one item of the account proved by the testimony of the appellant is twenty-five dollars for fees paid to the auditor on such accounting. That item, it seems to us, ought to have been allowed to the appellant.

The other item is for counsel fee paid to an attorney for legal services before the auditor. This was rejected, and its rejection, in the absence of further evidence in relation to the propriety of its allowance by the surrogate, was proper. The auditor seems to have rejected the charges of $190. for legal services in the appellant's account. Vouchers were not produced for them; the rejection was, therefore, correct. But if they accrued in the course of the defense of the suit against the estate, and were reasonable and proper, and were necessarily expended in such defense, the appellant should have been allowed them upon proper evidence of their actual payment. His failure to produce that evidence, of course, justified the auditor in their rejection.

The auditor also allowed to the respondent compound interest on the amount of his own and the other distributive shares allowed to him from the 16th day of May, 1861, to the date of his report, amounting to $511.73. This, however, the surrogate rejected. The respondent, in his answer to the petition, alleges this rejection as error, and insists that the decree of the surrogate, in that respect, should be reversed, and the allowance of compound interest by the auditor should be confirmed. We think, however, that the surrogate was entirely correct in disallowing compound interest; and it is very doubtful whether the allowance of simple interest, which was made by the surrogate, should be sustained, inasmuch as it appears that a considerable part of the amount which the surrogate has now charged had been paid out by the appellant, from time to

time, as early as 1863, and did not remain in his hands so that interest could have been received upon it by him.

The very great delay of more than fifteen years after the estate should have been closed in taking any steps for that purpose, on behalf of the respondent or any other of the next of kin, taken in connection with the fact that the fund had been almost wholly paid out upon claims which he, doubtless, supposed to be just and proper, may properly be considered as excusing him from the charge of interest prior to the time when the demand was made upon him by the respondent.

The statute of limitations was urged upon the auditor when the case was submitted to him, after the evidence was closed. It was also insisted upon, in the exceptions before the surrogate, upon the hearing, on the motion to confirm the auditor's report. That the statute of limitations may be used as a bar to such an accounting, as was sought for in this case, is established by the Court of Appeals in *Clark* v. *Ford* (1 Abb. Ct. App. Dec., 359); and in *McCartee* v. *Campbell* (1 Barb. Ch., 465). The decision in *McCartee* v. *Campbell* is cited and distinctly approved by the Court of Appeals in *Clark* v. *Ford.* Section 9 of 2 Revised Statutes, page 114 gives a right of action at the expiration of one year from the granting of letters of administration, if there be more than sufficient assets in the hands of the administrator to discharge the debts of the intestate. Nearly eighteen years had expired before the respondent commenced his proceedings after the time when his right to maintain that action had accrued. It is claimed that the present proceedings are a continuance of the proceedings commenced in 1868, but that is not correct in point of fact; for, according to the papers, this appears to have been an entirely new and original proceeding to compel the accounting, and not the continuance of some former proceeding in which an accounting had already been had. But it is insisted that the statute of limitations was not set up in time to avail the appellant. Formal written pleadings are neither customary, nor are they required in Surrogates' Courts (*Smith* v. *Remington*, 42 Barb., 75), and it has, in some cases, been held to be sufficient to allege defenses by way of exceptions to the auditor's report. But the latest case bearing on this question, which is *Van Vleck* v. *Burroughs* (6 Barb., 341), holds that the plea of the statute must

be set up or urged before the close of the evidence, so that the claimant may have opportunity to contest the same by proof which may relieve him from the operation of the statute. This we regard as the more just and sensible rule.

Upon the other grounds above suggested, the decree should be reversed, and the proceedings remanded to the surrogate for a new hearing, upon the petition and account, and with leave to interpose the plea of the statute, with costs to abide event.

DANIELS, J. :

The appeal taken in this cause is from the decree of the surrogate made on the final settlement of the administrator's accounts. Letters were issued to him on the 5th of May, 1855, and the order requiring him to appear and show cause why he should not pay the distributive shares of the estate, claimed by the respondent, was made on the 16th day of May, 1874. An account of the estate was made and filed by him on or about the 6th of April, 1868, and that was again presented as his account, when he appeared pursuant to the order referred to. On or about the 12th of February, 1875, a supplementary account was also presented by him for payments made by him for auditor's fees and counsel fees on the accounting after the account was first filed. On the 6th of October, 1874, the hearing and auditing of the account was referred to an auditor before whom the parties appeared on the 26th of February, 1875, and proceeded with the hearing. From that the auditor found that the respondent, in his own right and as assignee of other persons who were next of kin of the intestate, was entitled to be paid the sum of $300.52, besides interest, and that the interest should be compounded on that balance from the 16th of May, 1861, until the date of the report. The charge for compound interest was afterwards rejected upon a hearing had upon the report before the surrogate.

It was also claimed that the charges made in the supplementary account, and disallowed both by the auditor and the surrogate, ought to have been credited to the administrator. They were specifically objected to, not because the payments had not been made as they were charged, but as being wrongfully incurred in resisting the accounting then commenced; and for the same reason they were rejected by the auditor. But no evidence whatever was given show-

ing that these expenses had been incurred in that manner. On the other hand, the evidence very decidedly tended to show that they had been incurred and paid in the orderly course of the proceedings which had then been instituted, and, for some unexplained reason, were not completed; and they should have been allowed as proper credits in favor of the administrator.

It was claimed, on the hearing had before the surrogate, that the administrator was protected against all obligation to account by reason of the lapse of time intervening between his appointment and the commencement of these proceedings; and as to that he was probably correct. But no objection of that kind was, in any form, taken or presented until after the hearing was had before the auditor, and the case was ready to be submitted for his decision and report. It has been held that no formal proceeding in the nature of a pleading is necessary for the purpose of entitling a party to the protection of the statute in proceedings before the surrogate. (*Smith* v. *Remington*, 42 Barb., 75; *McCartee* v. *Campbell*, 1 Barb. Ch., 456, 465.) But these authorities do not justify the position that the objection may be omitted until after the evidence has been all taken, and when urged, for the first time, upon the argument that it must be allowed to prevail. That would be unjust to the distributees claiming the estate, for it would deprive them of all opportunity of showing that they had been subject to legal disabilities, or any other cause, which, by the terms of the statute, would prevent it from taking effect against them.

When the statute is to be interposed as a defense to an action, it has been expressly provided that the objection can only be taken by answer. (Code, § 74.) And then the party may show as a reason why it should not be applied to the claim made by him, that he had been subjected to one or more of the disabilities which would suspend its operation; or that the administrator had been absent from the State, or imprisoned, or had, within six years, promised in writing to pay the demand made against him. (Code, §§ 100, 101, 102, 110.) And as far as the analogy of the proceedings before the surrogate will allow, the objection that they were not instituted in time, ought to be in some form taken while the other party may have the opportunity of protecting himself by proof, showing it inapplicable to his proceeding. No other course is just to the

other party or consistent with the spirit of the provision made by the Code that the objection can only be taken by answer. The object of this provision was to protect the opposite party against surprise by reason of the objection. It was designed to afford him an opportunity to meet the objection whenever that could be done by any proper proof within his power. And even if the form of the provision cannot be observed by proceedings in the Surrogates' Courts, its spirit and intent should be so far maintained as to require the objection to be timely made while the case is open for proof. The objection is one which, in many cases, may be obviated by evidence, and it should accordingly be presented before the time for producing such evidence has passed. And it was so held in *Van Vleck* v. *Burroughs* (6 Barb., 341). In that respect it should be treated and disposed of, as other objections are required to be considered in the course of legal proceedings. The party taking it should be required to apprise his adversary of his design to do so, while he may have the means and ability to protect himself against it. (*Fountain* v. *Pettee*, 38 N. Y., 184; *Levin* v. *Russell*, 42 id., 251.)

That was in no form done in this case while the hearing was proceeding, but the objection was for the first time taken, when the briefs were presented to the auditor for his consideration. It came too late, and the administrator was, for that reason, justly deprived of the effect he might have derived from it if it had been presented when the respondent had the opportunity to meet and avoid it by the production of further proof. (*Clinton* v. *Eddy*, 54 Barb., 54.)

An application was made to the surrogate for an order that the auditor's minutes should be so corrected as to show that the objection that the proceeding was not taken in time had been made before him. The success of the application rested in the discretion of the surrogate, and as the objection was delayed until the parties had closed their proofs and met to finally submit their case, it was properly denied. It would have been unjust to the respondent to place the proceeding in such a form as to give the administrator the benefit of the objection, even if that could have been done by such an order, when the time for avoiding it by evidence, on the part of the other party, had expired. And that would have been the effect if the application had been permitted to prevail. Its allowance was

within the power of the surrogate. (*Partridge* v. *Mitchell*, 3 Edw. Ch., 180.) But the sound exercise of it was exhibited by the denial which was made.

The case is entirely different from that of *Dakin* v. *Demming* (6 Paige, 95), where the objection that the surrogate had no jurisdiction of the subject-matter was allowed to be first presented on the hearing of the appeal. The objection arising upon the statute of limitations was not of that description, and could not be deferred in that manner by any support afforded to it by this decision.

The respondent made proof before the auditor, which had a tendency to show him to have received an assignment from some of the other next of kin. But, as to two of them, the transfer was claimed to have been by way of gift merely. There was no delivery of any account, order or direction in writing that he should receive any portion of the share of either. All that was done was limited to mere words, that the applicant might have their shares, each of which was under the sum of fifty dollars. This was not enough to effect a transfer of them. To consummate a gift there must be a delivery of the article given, or of some symbol or substitute for it. That was not done in this case, and therefore no effectual transfer of these shares was shown. As to the others, the evidence was materially defective. But, as no objection was taken to it on that account, the auditor may have been warranted in acting upon it as he did.

In the other respects mentioned, and also because the next of kin still appearing to be interested were not made parties to the proceeding, the necessity for which has been shown in the opinion of the presiding justice, the decree should be reversed, and a further hearing directed before the surrogate, with costs to abide the event.

BRADY, J., concurred in the result.

Decree reversed ; proceedings remanded to the surrogate for new hearing upon the petition and account; with leave to interpose the plea of the statute ; costs to abide event.