---

## In re PERRY'S ESTATE.

### In re HITCHCOCK.

#### (Surrogate's Court, Rensselaer County. April 1, 1891.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION.

Code Civil Proc. N. Y. § 2724, provides that an administrator may be required to submit to the judicial settlement of his accounts one year after the grant of letters of administration. Section 414 declares that the word "action" shall be construed, when it is necessary to do so, as including a special proceeding, and that chapter 4 contains the "only limitation applicable to a civil action or special proceeding," except where otherwise expressly provided, or where the cause of action or defense accrued before July 1, 1848. Section 382 (contained in chapter 4) provides that the following "actions" must be brought within six years: "(1) An action upon a contract obligation, express or implied, except a judgment or sealed instrument; (2) an action to recover upon a liability created by statute, except a penalty or forfeiture." *Held*, that a special proceeding in a surrogate's court to compel an administrator to account is barred after six years from the time when, under section 2724, the accounting might have been required; section 1819, which provides that "an action" may be maintained for a legacy or distributive share where the executor or administrator fails or refuses to pay the same, and that "the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before," applying only to "actions," and not to special proceedings in a surrogate's court to compel an executor or administrator to account.

2. SAME—WAIVER OF STATUTE.

In a proceeding against an administrator for an accounting the administrator does not waive the defense of the statute of limitations, which was set up in the answer, where he voluntarily files an account; but he may avail himself at any time before the evidence is all in.

Proceedings by Charles H. Hitchcock, as administrator of Ella V. Hitchcock, deceased, to compel an accounting by Maria V. Perry, as administratrix of Aaron Perry, deceased, in whose estate petitioner's intestate was at the time of her death entitled to a distributive share, she being one of the children of said Aaron Perry, deceased.

Code Civil Proc. N. Y. § 382, subds. 1, 2, provides that the following actions must be brought within six years: "(1) An action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument; (2) an action to recover upon a liability created by statute, except a penalty or forfeiture." Section 414 provides that "the provisions of this chapter apply, and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: (1) A case where a different limitation is specially prescribed by law, or a shorter limitation is

prescribed by the written contract of the parties. (2) A cause of action or a defense which accrued before the first day of July, 1848. The statutes then in force govern, with respect to such a cause of action or defense. (3) A case not included in the last subdivision, in which a person is entitled, when this act takes effect, to commence an action, or to institute a special proceeding, or to take any proceeding therein, or to pursue a remedy upon a judgment, where he commences, institutes, or otherwise resorts to the same before the expiration of two years after this act takes effect; in either of which cases the provisions of law applicable thereto immediately before this act takes effect continue to be so applicable, notwithstanding the repeal thereof. (4) A case where the time to commence an action has expired when this act takes effect. The word 'action,' contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action."

*King & Ashley*, (*Charles E. Patterson*, of counsel,) for petitioner. *McClellan & McClellan*, for Maria V. Perry, administratrix.

LANSING, S. The principal question in this case is whether the statute of limitation has run upon the right of the next of kin of said deceased to require the administratrix herein to account and pay the distributive share, if any, alleged to be due the petitioner's intestate as such next of kin. Up to the enactment of the Code, and even prior to the Revised Statutes, (*Borst* v. *Corey*, 15 N. Y. 505–509,) it was settled that the statute of limitations began to run as soon as the right to compel an accounting had accrued. This was originally fixed at one year, and subsequently eighteen months, from the time letters were issued upon the estate of the deceased. *Clark* v. *Ford*, 1 Abb. Dec. 359; *McCartee* v. *Camel*, 1 Barb. Ch. 455; *Clock* v. *Chadeagne*, 10 Hun, 97; *Smith* v. *Remington*, 42 Barb. 75; Dayt. Sur. 515. This was not by reason of any statute upon the subject, but because originally by rule of equity; and subsequently, by statute, it was provided that, where there was a concurrent jurisdiction at law and in equity and in the surrogate's court (when the same jurisdiction was extended to it) for the collection of debts, legacies, and distributive shares, the statutory limitations applicable in such actions at law govern the institution of like proceedings in equity and in the surrogate's court. 2 Rev. St. p. 301, § 49; Id. p. 114, § 9; Id. p. 116, § 18; *Kane* v. *Bloodgood*, 7 Johns. Ch. 90, 114; *McCartee* v. *Camel, supra.* Although the relation of an administrator to a distributee is quite analogous to the relation of trustee and *cestui que trust*, in which case no lapse of time will bar the claim of the *cestui que trust*, (*Murray* v. *Coster*, 20 Johns. 576,) yet it differs in this: that it is not a direct, express, or continuing trust, which is solely cognizable in a court of equity. Indeed, the relation is more akin to that of bailment, where the property is held "under a contract, obligation, or liability, express or implied." But, whatever may be the distinction between the relation of an administrator to the next of kin and of a trustee to his *cestui que trust*, it is conclusively settled by repeated adjudications that proceedings for an accounting against an administrator in the surrogate's court are not exempt from the operation of the statute of limitations.

But the important question which remains is as to the effect of the enactment of the Code of Civil Procedure upon the statute of limitations relative to a compulsory accounting in the surrogate's court. There has not been entire uniformity of decision by the courts upon that subject since the adoption of the Code of Civil Procedure. Section 1819 is relied upon to sustain the position that a new rule of limitation has been established by the Code of Civil Procedure, not in direct terms, but by necessary implication upon the subject of an accounting in surrogates' courts. This section is a part of title 3, c. 15, Code Civil Proc. The title is declared to refer to "actions relating to the estate of a decedent." And the first article of the title in which section

1819 occurs is stated to be "in regard to an action by or against an administrator." It will be observed that there is nothing said about special proceedings in this section, nor is it by any provision made applicable to them. The whole title relates to actions only, and the section itself provides for maintaining "such action" under certain conditions. The very terms of the section seem to us to preclude the construction that it was intended to embrace special proceedings. The provision of that section in substance is that the statute of limitations, in respect to actions for the recovery of legacies and distributive shares, shall only begin to run when the executor's or administrator's account is judicially settled. It would seem that the effect of construing this section as applicable to special proceedings in surrogates' courts would be not to furnish a uniform rule of limitations applicable alike to actions and special proceedings, but would result in a relegation of such proceedings to the rule of limitation, if any, arising from presumption of payment; viz.: That, after the expiration of 20 years from the time when an action might have been brought or proceedings instituted, the court will presume payment. We do not think the legislature intended any such result. But we are not left to reason alone as to the proper construction of this section, for the supreme court at general term, in *Re Van Dyke*, 44 Hun, 394, in a well considered opinion by Mr. Justice DANIELS, has decided that this section (1819) applies only to actions. This decision has been followed by numerous adjudications in the surrogate's court. *In re Dunham*, (COFFIN, S., 1889,) 6 N. Y. Supp. 563; *In re Clayton*, (RANSOM, S.,) 5 N. Y. Supp. 266; *In re Nicholls*, (POTTER, S.,) 8 N. Y. Supp. 7. Again, the distinction between civil actions and special proceedings is recognized throughout the Code, and especially by section 414 of the Code of Civil Procedure, which provided "that the provision of this chapter (entitled 'Limitations for the time of enforcing a civil remedy') apply and constitute the only rule of limitations applicable to a civil action or a special proceeding," except where otherwise expressly provided. It is manifest, therefore, that there was no intention on the part of the legislature to have section 1819 apply to special proceedings, for it is not so expressly provided, or necessarily implied therein. We must look elsewhere, therefore, for the rule of limitation applicable to the institution of such proceedings in the surrogate's court. Section 414 requires the word "action" to be construed, when it is necessary to do so, as including a special proceeding. And the same section also declares that chapter 4 contains the "only limitation applicable to special proceedings." As the proceeding in this case before the surrogate is concededly a special proceeding, we now turn to section 382, c. 4, subd. 1, and find, in effect, the rule that proceedings to enforce an account should be commenced within six years after the right to require it has accrued; for this is a proceeding to "enforce an obligation or liability not arising from a judgment or sealed instrument." Either this or subdivision 2 of the same section, relating to a "liability created by statute," must include the case of a proceeding against an administrator for an accounting in the surrogate's court. Then, turning to section 2724 of the Code, we find that an administrator may be required to submit to the judicial settlement of his accounts after the expiration of one year from the time the letters were issued to him. The obligation to account, therefore, accrues at that time; and, under the provision of section 382, above referred to, the right to require an accounting will be barred after the expiration of six years from the time when the accounting may be ordered according to section 2724. It follows, therefore, that the statute had run upon the right to compel an accounting by the administratrix before the petition herein was filed. Although this construction of these several sections (382, 414, and 1819) will result in producing different periods of limitation—one in law and in equity, and another in the surrogate's court—for the enforcement of the same obligation, (which we are not quite sure the legislature contemplated,) still it

may be stated that these sections are not inharmonious; for section 1819 provides that the action mentioned in it should not be commenced until an accounting had taken place; while sections 382 and 414 provide for the time within which the accounting must be had in order to avoid the effects of a statutory limitation upon the accounting. We have carefully examined all the cases cited, and the provisions of the present Code referred to by the learned counsel for the petitioner in his able brief in support of his contention; and, while it must be conceded that the course of legislation prior to the present Code indicated a design upon the part of the legislature of having the same limitation apply to an action and a special proceeding, yet, notwithstanding the legislature has by direct provision in the present Code changed and greatly extended the period of limitation for the institution of actions of the character herein considered, we cannot agree that there is any provision of the Code which directly or by necessary implication warrants the conclusion that the period of limitation within which to institute proceedings for the collection of legacies or distributive shares in the surrogates' courts has been extended, or that the former law upon the subject has been in any manner changed.

Another question suggested for consideration is that of waiver. In this case the administratrix voluntarily filed an account; but at the same time by her answer she set up the statute of limitations. The question of waiver, therefore, becomes merged in the question as to at what stage of the proceeding the statute of limitations may be interposed. It has been repeatedly held that it may be set up at any time before all the evidence is in, so that the claimant may have an opportunity to contest the same by proofs which may relieve him from the operation of the statute. *Clock* v. *Chadeagne, supra; Smith* v. *Remington, supra; McCartee* v. *Camel, supra; In re Clayton, supra.*

The remaining question involves the character of the party who institutes the proceedings. It is suggested that the 20-years limitation (section 381) should apply, if at all, to a proceeding where the same was instituted by a surety upon the bond of the administratrix, or at least that the right given a surety under section 2726, Code Civil Proc., to require an accounting, is not barred by any other statute or rule. If this proceeding was based upon the bond upon which the petitioner's intestate, Ella V. Hitchcock, was surety, assuming it to be in the usual form, this claim would be plausible, as the bond doubtless provides that an administratrix should obey the decree of the surrogate; and he is authorized to require her to account. But the duty to account does not rest on that obligation. It exists independently of any contract liability. The surety will doubtless rest under liability in a proper case for the debts or defaults of his administrator for 20 years. Still it does not follow that distributees or legatees may avail themselves of this extended liability of the principal (the administratrix) or her sureties so as to maintain those proceedings to account in the surrogate's court after the expiration of six years; nor can the surety (at least before being charged) have any greater right or longer time within which to compel an accounting in that court than any other creditor. *In re Nicholls, supra.* In the latter case this very question—the right of a surety to compel an accounting—was before the court, and decided adversely to the petitioner's contention. The petition is dismissed, therefore, unless the petitioner shall desire to offer evidence of facts which will avoid the statute of limitations applicable to this proceeding, in which case the hearing may proceed upon that issue. *In re Underhill,* 6 N. Y. Supp. 133.